UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACKERY ADAMS,<br><br>    Petitioner,<br><br>v.<br><br>JAY CHRISTENSEN,<br><br>    Respondent. | Case No. 1:20-cv-00047-REB<br><br>**INITIAL REVIEW ORDER** |

  Petitioner Zackery Adams has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court convictions. *See* Dkt. 3. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

**REVIEW OF PETITION**

**1. Standard of Law for Review of Petition**

  Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

INITIAL REVIEW ORDER - 1

**2.      Discussion**

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner entered an *Alford*[1] plea to felony grand theft and unlawful possession of a firearm. The judgment of conviction was entered on February 16, 2016. Petitioner was sentenced to a unified term of fourteen years in prison with eight years fixed on one count, followed by a consecutive, indeterminate five-year term on the second count. Petitioner pursued a direct appeal as well as state post-conviction relief. *See* Dkt. 3.

The Court construes the instant Petition for Writ of Habeas Corpus as asserting four claims and multiple sub-claims.[2] In Claim 1, Petitioner alleges that his attorney rendered ineffective assistance in the following ways: (a) failing to pursue a motion to suppress or motion to dismiss; (b) failing to follow Petitioner's request for a neuropsychological examination, resulting in a "tainted" or incomplete presentence report; and (c) conspiring with the prosecutor to induce Petitioner to plead guilty. *Id*. at 6–13.

Claim 2 asserts prosecutorial misconduct based on the prosecutor's alleged conduct in (a) knowingly using a tainted, incomplete, or inaccurate presentence report, (b) conspiring with defense counsel to induce Petitioner to enter a "sham" guilty plea,

---

[1] An *Alford* plea is the equivalent of a guilty plea, the only difference being that the defendant is not required to expressly admit guilt. *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that it is constitutionally permissible for a court to accept and sentence an individual upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty").

[2] For clarity and ease of reference, the Court has altered or added alphanumerical identifiers to some of Petitioner's claims and sub-claims. Petitioner must inform the Court and Respondent, within 21 days after entry of this Order, if the Court's construction of any of Petitioner's claims or sub-claims is incorrect.

INITIAL REVIEW ORDER - 2

(c) failing to disclose material, favorable evidence, and (d) using the prosecutor's personal opinions about Petitioner in the plea and sentencing proceedings. *Id*. at 51–59.

In what the Court will refer to as Claim 3—gleaned from the allegations throughout the Petition—Petitioner appears to assert that, because of the conduct of defense counsel and the prosecutor as alleged in Claims 1 and 2, Petitioner's guilty plea was not knowing, intelligent, and voluntary. *Id*. at 6–59.

Claim 4 asserts that the trial court violated due process when it relied on a tainted or incomplete presentence report that was obtained without Petitioner's consent and in violation of his constitutional rights. *Id*. at 60–64. Though it is not entirely clear, Petitioner may be claiming that he was not informed of his right to be free from compelled self-incrimination, under *Estrada v. State*, 149 P.3d 833, 834 (Idaho 2006), prior to submitting to a court-ordered evaluation used for sentencing purposes.

Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. It is necessary for the Court to review portions of the state court record to resolve preliminary procedural issues, and it would also be helpful to receive briefing from Respondent. Therefore, the Court will order the Clerk to serve a copy of the Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and who will provide relevant portions of the state court record to this Court.

INITIAL REVIEW ORDER - 3

3.   **Potentially Applicable Standards of Law**

The Court provides the following standards of law that may apply to Petitioner's claims.

   A.   *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3] 28 U.S.C. § 2244(d)(1)(A). However, the one-year statute of limitations can be tolled (or suspended) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent

---

[3] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

INITIAL REVIEW ORDER - 4

that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

The statute of limitations can also be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). In addition, AEDPA's statute of limitations is subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

### B. *Exhaustion and Procedural Default*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have

presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is procedurally defaulted, a federal court can still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, *see Coleman*, 501 U.S. at 731, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court, *see Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his

INITIAL REVIEW ORDER - 6

*actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel. For example, the failure on appeal to raise a meritorious claim of trial error may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of counsel of trial or direct appeal counsel to serve as cause to excuse the default of a claim, that ineffective assistance claim must itself have been separately presented to the state appellate courts. *Id.* at 451 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.") If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well.

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.*

INITIAL REVIEW ORDER - 7

at 9. The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IATC claim could have been brought; and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 413, 423, 429 (2013).

Any argument that a claim is procedurally defaulted must identify the proceeding in which the claim was purportedly defaulted and, if the claim was raised in state court at *any* point (in a procedurally proper manner or not), must also include a citation to the state court record where the claim was raised.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has requested in forma pauperis status. Good cause appearing, Petitioner's Application will be granted, which allows Petitioner to pay the filing fee when and as Petitioner can afford to do so, rather than at the time of filing. Petitioner is ordered to pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner has also requested appointment of counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman*, 501 U.S. at 755. A habeas petitioner

INITIAL REVIEW ORDER - 8

has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Habeas Rule 8(c). In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

At this point, the Court concludes that, based on the evidence currently in the record (Dkt. 3), it will be unlikely that Petitioner will be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus. Therefore, at this time the Court will deny the request for appointment of counsel without prejudice.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

2. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

3. Petitioner's Motion to Take Judicial Notice (Dkt. 4) is GRANTED IN PART, to the extent that the Court will judicially notice the portions of Petitioner's state court criminal proceedings that are ultimately lodged in this case.

INITIAL REVIEW ORDER - 9

4. The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 3), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

5. Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief, on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first may consider the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or any claims not disposed of on the merits that appear subject to procedural defenses, the Court may then determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

6. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which

INITIAL REVIEW ORDER - 10

must be provided to the Court if the Petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

7. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

8. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

9. In the response to the habeas petition, whether a motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

10. No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

11. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

12. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

13. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means

that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

14. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

15. Petitioner must at all times keep the Court and Respondent advised of any change in address.

16. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: May 4, 2020

_____
Ronald E. Bush
Chief U.S. Magistrate Judge