UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ZACKERY ADAMS,<br><br>                Petitioner,<br><br>v.<br><br>JAY CHRISTENSEN,<br><br>                Respondent. | Case No. 1:20-cv-00047-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is a Petition for Writ of Habeas Corpus, filed by Idaho prisoner Zackery Adams, challenging Petitioner's state court convictions. *See* Dkt. 3. Respondent has filed a Motion for Summary Dismissal, arguing that all of Petitioner's claims are procedurally defaulted without legal excuse. *See* Dkt. 13. The Motion is now ripe for adjudication.[1]

      The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. *See* Dkt. 11; Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

      The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal

---

[1] Petitioner has filed an unauthorized sur-reply in opposition to the Motion for Summary Dismissal, entitled "Motion in Response Opposing State's Reply Brief for Summary Dismissal." *See* Dkt. 17. The Court has considered this sur-reply even though Petitioner did not seek leave of Court before filing it.

MEMORANDUM DECISION AND ORDER - 1

Rule of Civil Procedure 73. *See* Dkt. 8. Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

Accordingly, the Court will enter the following Order granting the Motion and dismissing this case with prejudice.

## BACKGROUND

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner entered an *Alford*[2] plea to grand theft and unlawful possession of a firearm, in violation of Idaho Code §§ 18-2403(1), 18-2407(1)(b), 18-2409, and 18-3316. In return for Petitioner's guilty plea, the state dismissed additional charges, including a persistent violator enhancement. *State's Lodging C-1* at 55–61, 67–74. Petitioner was sentenced to "a unified term of fourteen years, with a minimum period of confinement of eight years," for the grand theft charge; he was also sentenced to a consecutive indeterminate five-year term for the firearm possession charge. *State's Lodging B-4* at 1.

Petitioner filed a direct appeal, arguing that the trial court abused its discretion, under state law, by imposing an excessive sentence and ordering restitution. *State's Lodging B-1*. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *State's Lodging B-4, B-6*.

Petitioner filed a post-conviction petition in the state district court. *State's Lodging C-1* at 5–9. The petition asserted claims of double jeopardy, insufficient evidence, lack of

---

[2] *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970).

MEMORANDUM DECISION AND ORDER - 2

mens rea, and ineffective assistance of trial and appellate counsel. *Id*. The state district court dismissed the post-conviction petition on alternative grounds. The court first held that the petition did not comply with Idaho law because it was not verified and because Petitioner did not correct the deficiency when notified of it. *Id*. at 91–93.

Alternatively, the court held that (1) most of Petitioner's ineffective assistance of counsel claims failed on the merits,[3] and (2) Petitioner's other claims were procedurally barred, by Idaho Code § 19-4907(b), because they could have been raised on direct appeal. *Id*. at 93–103.

The Idaho Court of Appeals affirmed the dismissal of the petition as unverified, because Petitioner challenged that determination for the first time on appeal despite having the opportunity to do so in the lower court. *State's Lodging D-4* at 3. The Court also noted that some of Petitioner's claims failed on the merits. *Id*. n.1. Petitioner did not file a petition for review with the Idaho Supreme Court, and the Idaho Court of Appeals issued the remittitur. *State's Lodging D-5*.

This Court previously construed the instant federal habeas corpus petition as asserting the following claims:

> In Claim 1, Petitioner alleges that his attorney rendered ineffective assistance in the following ways: (a) failing to pursue a motion to suppress or motion to dismiss; (b) failing to follow Petitioner's request for a neuropsychological examination, resulting in a "tainted" or incomplete

---

[3] The only exception was Petitioner's claim that counsel was ineffective for failing to file a motion to suppress his statements to police. The state district court did not reach the merits of this claim, dismissing it on the sole ground that the petition was unverified. *State's Lodging C-1* at 103–04.

MEMORANDUM DECISION AND ORDER - 3

> presentence report; and (c) conspiring with the prosecutor to induce Petitioner to plead guilty.
>
> Claim 2 asserts prosecutorial misconduct based on the prosecutor's alleged conduct in (a) knowingly using a tainted, incomplete, or inaccurate presentence report, (b) conspiring with defense counsel to induce Petitioner to enter a "sham" guilty plea, (c) failing to disclose material, favorable evidence, and (d) using the prosecutor's personal opinions about Petitioner in the plea and sentencing proceedings.
>
> In what the Court will refer to as Claim 3—gleaned from the allegations throughout the Petition—Petitioner appears to assert that, because of the conduct of defense counsel and the prosecutor as alleged in Claims 1 and 2, Petitioner's guilty plea was not knowing, intelligent, and voluntary.
>
> Claim 4 asserts that the trial court violated due process when it relied on a tainted or incomplete presentence report that was obtained without Petitioner's consent and in violation of his constitutional rights. Though it is not entirely clear, Petitioner may be claiming that he was not informed of his right to be free from compelled self-incrimination, under *Estrada v. State*, 149 P.3d 833, 834 (Idaho 2006), prior to submitting to a court-ordered evaluation used for sentencing purposes.

*Initial Review Order*, Dkt. 9, at 2–3 (record citations omitted).

After its earlier review of the Petition, this Court allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." *Id*. at 3.

Respondent now argues that Petitioner's claims are subject to summary dismissal as procedurally defaulted. For the reasons that follow, the Court agrees.

MEMORANDUM DECISION AND ORDER - 4

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

1.   **Procedural Default Standards of Law**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

The mere similarity between a federal claim and a state law claim, without more,

does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161–62. Procedurally defaulted claims include the following: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

2.      **Petitioner's Claims Are Procedurally Defaulted**

The most straightforward manner for resolving the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings. On direct appeal from his conviction, Petitioner did not raise any federal claims. He argued only that the trial court

MEMORANDUM DECISION AND ORDER - 6

abused its discretion under Idaho state law. Thus, on direct appeal Petitioner did not fairly present any habeas claims to the Idaho Supreme Court.

Petitioner appealed the dismissal of his post-conviction petition. However, after the Idaho Court of Appeals affirmed, Petitioner did not seek review in the Idaho Supreme Court. Thus, Petitioner did not fairly present any of his federal habeas claims to the highest state court.

None of Petitioner's habeas claims was fairly presented in state court. Because it is now too late to do so, those claims are procedurally defaulted. *See* Idaho App. R. 118 (petition for review must be filed within 21 days after Idaho Court of Appeals' decision); *Gray*, 518 U.S. at 161–62.

3. **The Procedural Default of Petitioner's Claims Is Not Excused**

   A. *Petitioner Has Not Shown Cause and Prejudice*

If a petitioner's claim is procedurally defaulted, a federal district court still can hear the merits of the claim if the petitioner shows adequate legal cause for the default and prejudice arising from the default.[4] *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Id*. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding]

---

[4] Petitioner has not invoked the second exception to the procedural default doctrine, as he does not assert that he is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 314–15 (1995) ("Because Schlup has been unable to establish cause and prejudice …, Schlup may obtain review of his constitutional claims only if he falls within the narrow class of cases implicating a fundamental miscarriage of justice.") (internal citation, quotation marks, alteration, and footnote omitted).

MEMORANDUM DECISION AND ORDER - 7

constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Ineffective assistance of counsel ("IAC") may constitute cause for a default. For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for IAC—whether at trial or on direct appeal—to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of an underlying habeas claim, a petitioner generally must have presented the IAC claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show an excuse for that separate default as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

MEMORANDUM DECISION AND ORDER - 8

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, the general rule is that any errors of counsel during a post-conviction action cannot serve as cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. *Martinez* does not apply to any claims other than trial-level IAC claims, and it can apply only if the underlying trial-level IAC claim is both exhausted and procedurally defaulted. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*); *Creech v. Ramirez*, No. 1:99-CV-00224-BLW, 2016 WL 8605324, at *21 (D. Idaho Jan. 29, 2016) (holding that claims were not subject to *Martinez* because they were not procedurally defaulted).

The *Martinez* cause-and-prejudice test consists of four necessary prongs: (1) the underlying IAC claim must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial"

MEMORANDUM DECISION AND ORDER - 9

collateral review proceeding where the IAC claim could have been brought; and (4) state law requires that an IAC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013). The failure to meet any of these four prongs means that the *Martinez* exception is unavailable to excuse the procedural default of a claim.

In his initial state post-conviction petition, Petitioner raised a claim of ineffective assistance of direct appeal counsel. *State's Lodging C-1* at 7 ("Counsel, during the direct appeal process … did not raise any of the claims of this Petition …, and instead filed a 'dead bang loser' in the Courts of Appeals."). But because Petitioner failed to file a petition for review, he did not fairly present this claim to the Idaho Supreme Court. Thus, any alleged ineffectiveness of Petitioner's direct appeal counsel does not excuse the default of Petitioner's habeas claims. *See Edwards*, 529 U.S. at 452–53.

Petitioner asserts that his post-conviction appellate counsel rendered ineffective assistance in failing to file a petition for review with the Idaho Supreme Court. *See* Dkt. 17 at 3. However, the *Martinez* exception applies only to claims that were defaulted in the initial-review collateral proceeding—here, the post-conviction proceedings in the state district court. A petitioner may not use, as cause to excuse a default, any attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, [or] petitions for discretionary review in a State's

MEMORANDUM DECISION AND ORDER - 10

appellate courts." *Martinez*, 566 U.S. at 16. Therefore, *Martinez v. Ryan* does not excuse the procedural default of any of Petitioner's ineffective assistance claims.

      **B.    *Petitioner Has Not Shown He Is Excused from Default under 28 U.S.C. § 2254(b)(1)(B)***

Petitioner also invokes 28 U.S.C. § 2254(b)(1)(B), which permits a federal court to consider an unexhausted habeas claim if "there is an absence of available State corrective process" or "circumstances exists that render such process ineffective to protect the rights of the applicant." *See* Dkt. 15 at 2. Petitioner's argument is without any factual or legal basis.

Petitioner indeed had a state corrective process available after the Idaho state district court and the Idaho Court of Appeals rejected his post-conviction claims—filing a petition for review in the Idaho Supreme Court. Petitioner simply failed to follow that corrective process. This Court has found no authority for the proposition that § 2254(b)(1)(B) excuses a petitioner's failure to utilize the state's intermediate appellate review process. Further, declining to seek review because of a belief that the highest state court would disagree with the merits of a petitioner's claim does not excuse procedural default. *See Cook v. Smith*, No. 1:12-CV-00281-BLW, 2013 WL 2458531, at *6 (D. Idaho June 6, 2013) (unpublished) ("Futility, however, does not exempt one from the exhaustion requirement.") (citing *Engle v. Isaac*, 456 U.S. 107, 130 (1982)).

      **C.    *This Court Cannot Review the State Courts' Conclusion that the Post-Conviction Petition Was Unverified***

In Petitioner's post-conviction appeal, Petitioner argued that his post-conviction petition should have been deemed verified because—even though the petition itself was

MEMORANDUM DECISION AND ORDER - 11

unsigned—Petitioner had attached a notarized affidavit. *State's Lodging D-1* at 6–7. Though Petitioner does not repeat that argument here, the Court would reject it in any event.

The Idaho Court of Appeals did not reach the merits of Petitioner's verification argument because it was not raised in the lower court. *State's Lodging D-4* at 3. However, the fact remains that the state district court held—as a matter of state law—that the post-conviction petition was unverified and, therefore, could not be the basis for post-conviction relief. *State's Lodging C-1* at 91–93. This Court has no authority to second-guess a state court interpretation of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

## CONCLUSION

For the foregoing reasons, Petitioner's claims are procedurally defaulted without legal excuse. Therefore, the Court will grant Respondent's Motion.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED, and the Petition is DISMISSED with prejudice.

2. The Court finds that its resolution of this habeas matter is not reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: March 31, 2021

Ronald E. Bush
Chief U.S. Magistrate Judge